Jason A. Geller (SBN 168149)
E-Mail: jgeller@fisherphillips.com
Juan C. Araneda (SBN 213041)
E-Mail: jaraneda@fisherphillips.com
Jessica A. Taylor (SBN 301708)
E-Mail: jataylor@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
WALMART INC. and
WAL-MART ASSOCIATES, INC.

Henna H. Choi (SBN 306254)
henna@hennachoilaw.com
THE HENNA CHOI LAW FIRM
750 N. San Vicente Blvd., Suite 800 West
West Hollywood, California 90069
Telephone: (213) 534-7620
Facsimile: (213) 640-5085

Attorney for Plaintiff YVETTE BUTLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE BUTLER,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No:  5:23-cv-00166-GW(KKx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed:  January 31, 2023<br>Trial Date:  None Set |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be

warranted. This Stipulated Protective Order is intended to comply with the California Medical Information Act ("CMIA") and the Health Insurance Portability and Accountability Act ("HIPAA"), which provides that a qualified protective order may be issued by a court "with respect to protected health information."  (4.45 C.F.R. § 164.512(e)(1)(v).)

Plaintiff Yvette Butler and Defendants Wal-Mart Associates, Inc. and Walmart Inc. (collectively, the "Parties" and individually a "Party") assert in support of their request that protection of the identified categories of confidential information as listed in Section 2 is necessary because this is an employment law action brought under the California Fair Employment and Housing Act, California Government Code section 12940, et seq.  This action is likely to involve medical, psychiatric, personal and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential health information, psychiatric information, personal information, information implicating privacy rights of third parties, proprietary information or materials, and/or information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. ///

The Parties acknowledge that this Stipulated Protective Order ("Order") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Paragraph 23, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. Accordingly, the parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Order:

1. This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any Party to produce any specific documents or category of documents which the Party deems inappropriate for production.

## Definitions of Confidential Material

2. Confidential Material, as used in this Order, consists of the following materials and categories of materials, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter:

> a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure

(Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; protected health information; medical and psychiatric records; nonpublic claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

b. Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

1  The Parties shall not designate as confidential information that is already public
2  knowledge.

3      3.   The Parties agree that such Confidential Material as described in paragraph
4  2 should be given the protection of an order of this Court to prevent injury through
5  disclosure to persons other than those persons involved in the prosecution or defense of
6  this litigation.

**Procedure for Designating Information as Confidential**

7

8      4.   To designate information as confidential, a Party or non-party that produces
9  Confidential Material ("Producing Party") shall mark Confidential Material with the
10 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
11 ONLY." The Producing Party shall submit confidential discovery responses, such as
12 answers to interrogatories or answers to requests for admissions, in a separate document
13 stamped with the appropriate legend designating those responses as Confidential
14 Material. A Party that receives such disclosure or discovery material from a Producing
15 Party ("Receiving Party") may make copies of Confidential Material and such copies shall
16 become subject to the same protections as the Confidential Material from which those
17 copies were made.

   a. Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

      b. Information disclosed at any deposition of a Party taken in this action may be designated by the Party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the Party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The Parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony.  During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each Party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

5.    A Producing Party may change the confidentiality designation of materials it has produced, as follows: (1) The Producing Party must give the Receiving Parties notice of the change by identifying the documents or information at issue.  Once notice is given, the Receiving Party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2)  Within a reasonable period after giving notice, the Producing Party must reproduce the documents or information in a format that contains the new designation.  (3)  If such information has been disclosed to persons not qualified pursuant to paragraphs 12-13 below, the Party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential;

and (c) give the Producing Party written assurance that steps (a) and (b) have been completed.

6. Each Party or non-party that designates information or items for protection under this Order ("Designating Party") must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

## Data Security

6. The Parties agree to provide adequate security to protect data produced by the other parties or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any Receiving Party subject to the terms of this Protective Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

## Clawback Provisions

7. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

9.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. If a Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

11. A Producing Party must give written notice to any Receiving Party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request").  After a clawback request is received, the Receiving Party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The Parties shall meet and confer regarding any clawback request, and the Party making the clawback request shall initiate the dispute resolution process under Local Rule 37.1, *et seq.*

**Who May Receive Confidential and Highly Confidential Information**

12. *Confidential Material.*  Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and

outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

13. *Highly Confidential—Attorneys' Eyes Only Material.* Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

14. *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

15. *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each Party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as **Exhibit A**, prior to the disclosure of Confidential Material.

16. *Duties in the Event of Unauthorized Disclosures.* It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The

9   Case No. 5:23-cv-00166-GW(KKx)
STIPULATED PROTECTIVE ORDER
FP 47141844.1

notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the Producing Party to understand and take appropriate steps. Each Party and its/her counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the Producing Party's entitlement to damages resulting from any breach of this Order.

### Authorized Uses of Confidential Material

17. Confidential Material shall only be used for the purpose of prosecuting, defending, or attempting to settle the above-captioned lawsuit and may not be used in other lawsuits.

18. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. When the above-captioned lawsuit has been terminated, a Receiving Party must comply with the provisions of paragraph 26 below.

19. If any person or entity having access to the Confidential Material herein shall violate this Order, he/she/it may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her/its violation.

### Challenges to the Designation of Confidential Material

20. Any Party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation). Before making such a motion, the Party or an interested member of the public shall first attempt to resolve such dispute with the Producing Party's counsel, by initiating the dispute resolution process under Local Rule 37.1, *et seq.* Pending resolution of any challenges to the designation of documents or information, the material at issue

shall continue to be treated as Confidential Material until ordered otherwise by the Court. The burden shall be on the Party or non-party seeking to modify the designation to show that the Producing Party's designation is inappropriate. Unless the Producing Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### Withholding of Information

21.  *Non-relevant Attachments*.  The Parties will not produce non-relevant attachments that are attached to relevant emails.  When an attachment is withheld, either for privilege or non-responsiveness, the Producing Party shall produce a one-page TIFF image (or PDF if production format dictates) in place of the withheld attachment, correspondingly stating "Attachment Withheld-Privileged" or "Attachment Withheld-Nonresponsive", and bearing a sequential BATES number within the family BATES range. The Producing Party shall also include a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5), to describe the basis for withholding otherwise discoverable information. If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness. The cover email may be redacted in part to remove sensitive information, as described below.

22.  *Redactions*.  The Parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people.  Privilege redactions will state, over the redacted portion, "Redacted–Privileged," and all other redactions will state, "Redacted–Nonresponsive." Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself

privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed.  The Parties will produce redacted documents in TIFF format (or searchable PDF if production format dictates; or in native format for file types that do not convert well to TIFF/PDF, such as Excel files) with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.  The Parties shall also include a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5), to describe the basis for the redaction of otherwise discoverable information.

### **Confidential Material In Filings, Hearings, and Trial**

23. *Confidential Material in Filings.*  Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a Party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal). A Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue.

24. *Manner of Sealing.*  In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court or as described in paragraph 23 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed

by the court.

25.  *Confidential Material in Hearings and Trial.*  The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action.  Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the Party seeking to use the Confidential Material must give at least seven (7) days advance notice to the Producing Party of the intent to use the Confidential Material so that the Producing Party may seek an appropriate Court Order to protect the Confidential Material.  Any use of Confidential Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Confidential Material at trial.

## Continuing Effect of this Order and Duty to Destroy

26.  This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each Party or non-party to whom any materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee.  This requirement to destroy includes all documents, not only those documents designated as Confidential Material.  The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, counsel for the Parties are entitled to retain an archival copy of all filings, including pleadings and motion papers, trial, deposition, and hearing transcripts; legal memoranda, correspondence, deposition

and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### Procedure If Confidential Material Is Required to be Produced

27. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. Such notification shall include a copy of the Demand. The Receiving Party shall notify in writing the non-party who issued the Demand in the other litigation that some or all of the material covered by the Demand is subject to this Order and include a copy of this Order. At the request of the Party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material. The burden of opposing the enforcement of the Demand shall fall upon the Party or non-party who produced or designated the material as Confidential Material, and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this Action to disobey a lawful directive from another court. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

**Application of this Order to Productions by Third Parties**

28. This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential or Highly Confidential – Attorneys' Eyes Only. Such information produced by third parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

29. If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any Party may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the Party seeking protected status to move for a court order designating the materials as Confidential Material after the Parties confer pursuant to the dispute resolution process under Local Rule 37-1, *et seq*. The Party seeking protected status shall initiate a prefiling conference as required by Local Rule 37-1.

30. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

31. The Parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the Parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

32. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 17, 2023          Respectfully submitted,

                             FISHER & PHILLIPS LLP


                       By:   */s/ Jessica A. Taylor*
                             Jason A. Geller
                             Juan C. Araneda
                             Jessica A. Taylor
                             Attorneys for Defendant
                             WALMART INC. and WAL-MART ASSOCIATES, INC.


Dated: May 17, 2023          **THE HENNA CHOI LAW FIRM**


                       By:   /s/ Henna H. Choi
                             Henna H. Choi
                             Attorney for Plaintiff
                             YVETTE BUTLER


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: May 17, 2023

                             _____
                             HONORABLE KENLY KIYA KATO
                             United States Magistrate Judge

# EXHIBIT A TO ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE BUTLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No:   5:23-cv-00166-GW(KKx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:   January 31, 2023<br>Trial Date:   [Date] |

## AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER

1. My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Stipulated Protective Order ("Protective Order" or "Order") has been entered in the above-captioned lawsuit. A copy of this Protective Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential and/or highly confidential pursuant to such Protective Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to comply with and abide by the Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of the Order. I promise that the documents and information given confidential treatment under the Protective Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned

matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Protective Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Protective Order.

4. I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5. Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

6. I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action of any proceedings related to enforcement of this Protective Order.

DATED:

_____
Signature

_____
Printed Name

_____
City and State where sworn and sign